IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALVAN CAMACHO-TORRES,<br><br>**Plaintiff**<br><br>v.<br><br>MARIA DEL C. BETANCOURT-VAZQUEZ, et al.,<br><br>**Defendant(s)** | **CIVIL NO.** 09-1495 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D. J.

Pending before the Court is Defendants' Maria del C. Betancourt-Vazquez ("Betancourt"), Grymarys De Jesus-Afanador ("Afanador"), and the Commonwealth of Puerto Rico's ("the Commonwealth") (collectively "Defendants") Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Alván D. Camacho-Torres ("Camacho") is a former career employee of the Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público ("CASARH") filing a political discrimination claim under 42 U.S.C. § 1983, and claims under Puerto Rico state law for discrimination, retaliation, and negligence. Plaintiff seeks upward of $20 million in damages, including punitive damages, as well as injunctive relief. (Docket No. 2).

Defendants in this case are the Commonwealth of Puerto Rico

09-1495 (JAG)                                                        2

and two officers of CASARH[1] in their personal and official capacities, individually and on behalf of their conjugal partnerships. (Docket No. 2).

Camacho has been an active member in the New Progressive Party ("NPP"), and was hired to work for CASARH (then known as JASAP) on August 1, 2000 by an appointee of former NPP governor Pedro Roselló. On April 16, 2002, Camacho was selected for a career position at what is now CASARH. (Docket No. 2).

Betancourt, said to be an active and well-known member of the Popular Democratic Party ("PDP"), was appointed as Chairwoman of CASARH near the end of 2004. This is when Camacho claims that political discrimination, a hostile work environment, and retaliatory measures against him began. Camacho claims to have criticized Betancourt's decisions regarding the "management of public documents" as being against Puerto Rico state law, and thereafter was the target of retaliatory measures meant to force him to resign from CASARH. (Docket No. 2).

Camacho asserts that on October 21, 2004 Betancourt eliminated a salary differential he was receiving as retaliation for his criticism of her performance, while leaving in effect the additional duties assigned to him that gave rise to the differential in the first place. (Docket No. 2).

---

[1] CASARH is a local government entity which serves as an appeal board for employees challenging certain types of employment actions.

Betancourt and Afanador are alleged as having been aware of Camacho's back problems and not only failing to make reasonable accommodation for him, but proceeding to assign him tasks that were contraindicated for his condition. (Docket No. 2).

Afanador sent Camacho an official memorandum alerting him to an impending disciplinary action for taking days off due to a medical condition. Camacho responded during work hours on January 17, 2006, using a work computer. His superiors then drafted a new policy to apply retroactively and characterized his behavior as the use of a work computer "for personal benefit." Camacho states that he is the only person to be fired under this policy. (Docket No. 2).

Camacho then filed a Complaint in the Federal District Court for the District of Puerto Rico on August 3, 2007, alleging political discrimination under § 1983 and several Puerto Rico state law claims seeking monetary and injunctive relief. (07-1691 (ADC) Docket No. 1).

Judge Delgado-Colón entered judgment on February 10, 2009, dismissing with prejudice the § 1983 claims for monetary relief against the Commonwealth, and against Betancourt and Afanador in their official capacities. The § 1983 claim for injunctive relief was dismissed without prejudice. The supplemental state law claims were then dismissed without prejudice once the federal claims had been dismissed. (07-1691 (ADC) Docket No. 1).

09-1495 (JAG)                                                         4

    Camacho proceeded to file another Complaint with this Court on June 2, 2009, copying language from his 2007 Complaint, alleging the same claims against the Commonwealth, Betancourt, and Afanador (all parties in the first suit), based on the same set of alleged facts.  (Docket No. 2).

    Defendants filed a Motion to Dismiss on September 10, 2009, claiming that res judicata precluded Camacho's claims, and that in any event, his claims were no better able to withstand the standard for a motion to dismiss this time than they had several months before.  (Docket No. 12).

**DISCUSSION**

I. Res Judicata and Camacho's Claims Under § 1983 for Monetary Relief Against Defendants in Their Official Capacity

    "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised or could have been raised in that action."  Apparel Art Int'l, Inc. v. Amertex Enters., 48 F.3d 576, 583 (1st Cir. 1995).  For res judicata to apply, three requirements must be met: "(1) a final judgment on the merits in an earlier action; (2) a sufficient identity between the parties in the two suits; and (3) a sufficient identity of the causes of action in the two suits."  Ortiz-Cameron v. Drug Enforcement Admin., 139 F.3d 4, 5 (1st Cir. 1998) (citing Porn v. Nat'l Grange

09-1495 (JAG)                                                    5

Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996)), aff'd, 139 F.3d 4 (1998).

First, when determining whether the dismissal of a claim acts as a judgment on the merits, Rule 41 is instructive. Rule 41(b) states:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

During this controversy's first journey through the court system, Camacho's claims for monetary relief under § 1983 against Defendants in their official capacity[2] were dismissed with prejudice, whereas his § 1983 claims seeking injunctive relief were dismissed without prejudice, following a Rule 12(c) Motion for Judgment on the Pleadings. (07-1691 (ADC) Docket No. 26). Dismissal without prejudice does not have the force of a judgment

---

[2] Judge Delgado-Colón's opinion is silent as to claims made against Defendants in their personal capacity. However, because Judge Delgado-Colón entered a final judgment, the Court believes these claims could be barred by res judicata as well, by operation of Rule 41 which regards most dismissals as dismissals based on the merits unless otherwise stated. Fed. R. Civ. P. 41(b). If Camacho had been unhappy with the resolution of this controversy, the appropriate next step would have been a Motion for Reconsideration, or failing that, an appeal. Regardless of the operation of res judicata in the present case, the Court will nonetheless address Camacho's claims on the merits and arrive at an explicit and final judgment, lest Camacho gear up for a third time at bat with the same exact claim.

09-1495 (JAG)                                                    6

on the merits, and so this Court will review Camacho's claim for injunctive relief.³  Any claim for monetary damages against Defendants in their official capacity under § 1983, however, is barred by res judicata if it meets the criteria established above.

Secondly, Camacho was a plaintiff in the first suit, and is also a plaintiff in the present case.  Betancourt, Afanador, and the Commonwealth were all defendants in the first suit, and are renamed as such here.  There are no additional plaintiffs or defendants this time who did not have an opportunity to litigate this controversy in 2007.  Nothing about the present case presents a reason to doubt the sufficiency of identity of the parties between the cases.

Thirdly, Camacho's cause of action under § 1983 in the current Complaint relates to political discrimination under the First Amendment and denial of Fourteenth Amendment Due Process rights premised on Camacho's "arbitrary" firing.  Not only is the underlying cause of action identical to his 2007 suit, but so is the language; his Complaint has been almost entirely lifted from his first suit.  The few new or extended sentences that grace the

---

³Res judicata precludes not only claims that have already been litigated, but also claims that "could have been raised." Apparel Art, 48 F.3d at 583.  Camacho suggests no reason why his § 1983 claims for injunctive relief, though not adjudicated on the merits, should not be precluded because of their close relation to his monetary claims, nor did Defendants address this issue specifically within their res judicata discussion in their Motion to Dismiss.  Because this is not dispositive here, the Court need not explore further.

09-1495 (JAG)                                                    7

Complaint's fifteen pages are neither helpful nor illustrative. The two causes of action are undeniably of sufficient identity for res judicata to bar Camacho's § 1983 claims for monetary relief without reservation.

II. <u>Motion to Dismiss Standard of Review</u>

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. <u>See</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). While <u>Twombly</u> does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this Court's assessment of the adequacy of a

09-1495 (JAG)                                                   8

plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See Iqbal, 129 S.Ct. at 1949-50. The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

09-1495 (JAG)                                                       9

III. Political Discrimination Claim

Camacho seeks monetary and injunctive relief under 42 U.S.C. § 1983, complaining of deprivations of his First and Fourteenth Amendment rights by way of political discrimination. Defendants are named in their personal and official capacities, although Camacho's claim against Defendants in their official capacity for monetary damages is barred by res judicata, and the Commonwealth is sued only for injunctive relief.

It is well settled law that § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 394 (1989) (internal citations omitted). Under § 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989). Secondly, a plaintiff must show the defendant's conduct deprived a person of rights, privileges, or immunities secured by the Constitution of the United States. Gutierrez-Rodriguez, 882 F.2d at 559.

Pursuant to the First Amendment, non-policymaking public employees are protected from adverse employment actions based on their political opinions. Marrero-Guitierrez v. Molina, 491 F.3d

1,9 (1st Cir. 2007). To establish a prima facie case of political discrimination in violation of the First Amendment, a plaintiff must show that party affiliation was a substantial or motivating factor behind a challenged employment action. Id. Namely, for purposes of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must properly plead that: (1) the plaintiff and the defendant belong to opposing political affiliations, (2) the defendant has knowledge of the plaintiff's affiliation, (3) a challenged employment action occurred, and (4) political affiliation was a substantial or motivating factor behind the challenged employment action. Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 39 (1st Cir. 2007). While plaintiffs are not held to higher pleading standards in § 1983 actions, they must plead enough for a necessary inference to be reasonably drawn." Marrero-Gutierrez, 491 F.3d at 9 (internal citations omitted).

Camacho has adduced no new support for his political discrimination claim under § 1983 between Judge Delgado-Colón's dismissal of it without prejudice and the claim's re-emergence in federal court. As such, the Court agrees with Judge Delgado-Colón that Camacho's claim "simply fall[s] short."

Camacho, already on notice that his pleadings were deficient on his first attempt, has chosen to ignore Judge Delgado-Colón's

09-1495 (JAG)                                                              11

assessment of what was missing from his complaint.[4]  He has failed to allege any facts that suggest that Betancourt and Afanador had any knowledge that he was of a different political party, or that his political affiliation was actually in any way a motivation for their actions.  The "bald assertion" that their behavior amounted to political discrimination is based on nothing more than Camacho's own knowledge of his own political affiliation and his suspicion of a larger conspiracy to drive him, as an NPP member, from the workplace.

Because Camacho has again failed to state a plausible claim, the Court hereby DISMISSES his remaining claims under § 1983 with prejudice.

IV. Deprivation of Due Process Claim

Camacho claims a property interest in his career position with CASARH, which he claims he was deprived of "against the substantive due process of law," violating the Fourteenth Amendment.  (Docket No. 2).

Defendants, in their Motion to Dismiss, take the position that the Complaint does not make an adequate case for a procedural due process violation.  This is not the question at issue here.  Not only did Camacho specify this as a substantive due process claim in

---

[4]"Camacho has not pled that defendants even knew he was a NPP member, or how Camacho's party affiliation held any relation to defendants' actions[.]"  (07-1691 (ADC) Docket No. 24).

09-1495 (JAG) 12

the Complaint itself, but he reaffirmed this stance in his Opposition to the Motion to Dismiss. He claims to have been discharged arbitrarily because the reason proffered (violating a post facto policy) was pretext, and he claims that the real reason for his firing was political discrimination and retaliation. Camacho does not challenge the process involving the application of the policy under which he was discharged, but rather the reasoning behind this process, as being offensive to substantive due process.

Camacho points to, among other authority, Pittsley v. Warish, 927 F.2d 3 (1st Cir. 1991), abrogation recognized by Martinez v. Cui, --- F.3d ----, 2010 WL 2404390 (1st Cir. Jun. 17, 2010). Pittsley at one time suggested that a substantive due process claimant can avoid proving that the action complained of "shocks the conscience" if he can instead "demonstrate a violation of an identified liberty or property interest protected by the due process clause." Pittsley, 927 F.2d at 6. This, however, is not an accurate statement of the law. A claimant must show first that the behavior at issue shocks the conscience and, if shown, may then seek to prove that it impinges a right protected by substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998); Cui, 2010 WL 2404390, at *9 ("The conscience-shocking test is now an essential part of any substantive due process claim against a government actor.")

While central to the due process guarantee is "protection of

09-1495 (JAG) 13

the individual against arbitrary action of government," Wolff v. McDonnell, 418 U.S. 539, 558 (1974), "[o]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense," Lewis, 523 U.S. at 846 (1998).

"This Court has recognized that the very nature of this constitutional protection has caused that substantiative due process protection be used sparingly" as it is "disfavored, in part because of its virtually standardless reach." Rivera v. Fagundo, 310 F. Supp. 2d 428, 436 (D.P.R. 2004) (internal citations omitted). Substantive due process protection is not triggered by merely unsound or erroneous government decisions. Id. at 435.

Before it would become necessary to determine whether a political firing would be so egregious as to offend substantive due process, this Court would have to at least assume that such a politically discriminatory firing took place. Because Camacho's § 1983 political discrimination claim has been determined implausible as alleged, it is unnecessary to proceed with the due process evaluation any further, since the basis for the due process claim has already been rejected by this Court. As such, the Court hereby DISMISSES Camacho's due process violation claim with prejudice.

V. Supplemental State Law Claims

This Court should decline to exercise supplemental jurisdiction over a plaintiff's state law claims when all federal

09-1495 (JAG) 14

claims are dismissed. See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."). Because Camacho's federal claims under § 1983 will be dismissed, the Court hereby DISMISSES without prejudice any claims made under Puerto Rico state law.

**CONCLUSION**

For the reasons stated above, this Court GRANTS Defendants' Motion to Dismiss. (Docket No. 12).

Camacho's due process claim and federal claims under 42 U.S.C. § 1983 shall be DISMISSED with prejudice. Camacho's state law claims shall be DISMISSED without prejudice. Judgment shall be entered accordingly.

IT IS SO ORDERED.
In San Juan, Puerto Rico, this 13th day of July, 2010.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge